IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
06/19/2007

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DAVID W. KLEB, | ) | CASE NO. 06-36674-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has considered "Tara Graham's Objection to Debtor's Exemptions" (Docket No. 17) and Debtor's "Objection to the Proof of Claim Filed by Tara Graham" (Docket No. 25). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the objection to exemptions, and granting the objection to claim. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

David W. Kleb ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 1, 2006.

Tara Graham obtained a default judgment against Debtor on November 19, 2004. Graham abstracted the judgment in the real property records of Harris County, Texas, on February 7, 2005.

In the instant case, Graham filed a proof of claim on January 3, 2007.  In the proof of claim, Graham asserts a security interest in Debtor's interest in real property located in Harris County, Texas, by virtue of the abstract of judgment filed on February 7, 2005.

Together with the petition in the instant case, Debtor filed a schedule of property claimed as exempt.  The property includes an undivided 4/15 interest in 28 acres of real property located in Harris County, Texas.[1]

In the instant contested matters, Graham objects to Debtor's exemption of his interest in the property.  Graham asserts that the property has never been used by Debtor as a home or residence, and thus is not a homestead under Texas law. Debtor objects to the secured claim of Graham, to the extent it impairs Debtor's exemption of the property.  Thus, the sole determinative issue in the instant contested matters is whether the property is Debtor's homestead.

Debtor testified that he inherited his interest in the property from his father, in 1999.  He testified that the property has been owned by his family for four generations.  He testified that he went to the property every weekend during his childhood, and repaired fences and built six "deer blinds" on the

---

[1] The parties do not dispute Debtor's characterization of the property as rural.

2

property. He testified that he has hunted on the property, and that his family has maintained a garden on the property. He testified that he eats the game taken on the property, and the produce from the garden.

Debtor testified that, since he was a child, he has intended to make the property his home. He testified that he has been unable to build permanent housing on the property due to his lack of funds. He testified that he has designed a home to be built on the property.

Debtor testified that he does not consider any other real property to be his homestead. He testified that he presently resides with his daughter three days a week, and shares an apartment in Houston with a friend, in order to be near his work.

## Conclusions of Law

Section 41.002(b)(2) of the Texas Property Code provides:

> If used for the purposes of a rural home, the homestead shall consist of:
>
>> (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

Tex. Prop. Code § 41.002(b)(2).

In Texas that an individual who seeks homestead protection has the initial burden to establish the homestead

3

character of the property.  To meet this initial burden of proof, the claimant must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead.  In re Bradley, 960 F.2d 502 (5th Cir. 1992).

In the instant case, Debtor's actions constitute overt acts of homestead usage and an intention to claim the land as a homestead.  Based on Debtor's uncontroverted testimony, Debtor obtains food from the land, maintains and repairs fences, and has drawn plans to build a residence.  Debtor has no other homestead, and resides in temporary housing while he attempts to save funds to build a residence.  The court concludes that the property is Debtor's homestead.

Under Section 522(f)(1)(A), the debtor may avoid the fixing of a judicial lien in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled.

In the instant case, the imposition of a lien in favor of Graham impairs Debtor's interest in the property.  Because the court has concluded that the property is Debtor's homestead, the court concludes that Debtor may avoid the fixing of Graham's lien on the property.

Based on the foregoing, a separate Judgment will be entered denying the objection to exemptions, and granting the

4

objection to claim.

    Signed at Houston, Texas June 19, 2007.

*/s/ L. Z. Clark*
_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE